UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE WINSTON,<br><br>Petitioner,<br><br>-v-<br><br>MICHAEL CAPRA,<br><br>Respondent. | 21-CV-04615 (JAV)<br><br>ORDER |

JEANNETTE A. VARGAS, United States District Judge:

On July 22, 2026, the Court issued an Opinion & Order denying the petition by Defendant Tyrone Winston ("Petitioner") to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. *See generally* ECF No. 41 ("Op."). Specifically, the Court found that the reasons for the delay in Petitioner's trial did not support a Sixth Amendment violation, as determined in a unanimous ruling by the Appellate Division, First Department; that the evidence in his case was more than sufficient to justify the jury's verdict; that he failed to establish either deficient performance by his counsel or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984); and that his pretrial lineup was both supported by an otherwise reliable victim identification and not unduly suggestive, as multiple state courts have concluded. *Id.*

Under 28 U.S.C. § 2253(c)(1)(B), a defendant may not appeal the denial of a § 2255 motion unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the Court's assessment of those claims debatable or wrong. *Slack v. McDaniel*, 529 U.S.

473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Petitioner has not made that showing. Reasonable jurists would not find the Court's conclusions debatable where several of Petitioner's claims were not cognizable under federal law, *see, e.g.* Op. at 22, 26; where Petitioner's claims were nonetheless disposed of on the merits, *see, e.g.*, *id.* at 22-27; where, per the Appellate Division, "more than half of the [pretrial] delay was attributable to the defense, the crime was serious, and Petitioner has not demonstrated any specific prejudice, *id.* at 24 (cleaned up); where there was no basis to disturb the jury's determination regarding the victim's credibility during her physical injury testimony, *see id.* at 26; where no challenged comments by the prosecution were clearly objectionable; and where counsel's failure to object was not alleged to be prejudicial, *see id.* at 30-31. Reasonable jurists thus would not debate the Court's denial of Defendant's § 2255 motion.

Accordingly, the Court declines to issue a certificate of appealability. The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner, PIN: 16A3589, Attica Correctional Facility P.O. Box 149, Attica, NY 14011.

SO ORDERED.

Dated: September 21, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge